UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADRIAN MELGOZA,<br><br>    Plaintiff,<br><br>    v.<br><br>RICHARD KIRKLAND,<br><br>    Defendant. | Case No. 5:06-CV-04861-EJD<br><br>**ORDER RE: PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT**<br><br>**[Re: Dkt. No. 71]** |

Petitioner Adrian Melgoza ("Petitioner"), a California prisoner, has filed a Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure 59(e), challenging the procedural default reasoning in this court's October 12, 2012 order denying his Petition for Writ of Habeas Corpus.

**I.  BACKGROUND**

The factual background of this case was extensively described in this court's previous order. See Order, Dkt. No. 69 at 1-6. In 2001, Petitioner was sentenced to a term of 52 years to life in state prison on account of murder and certain other charges. Id. at 6. In 2003, the California Court of Appeal affirmed the conviction, and in 2004, the California Supreme Court denied the petition for review. Id.

In 2006, Petitioner filed a Petition for Writ of Habeas Corpus with this court. See Dkt. No. 1. In 2007, the State of California ("State") filed a Motion to Dismiss the petition as untimely. See Dkt. No. 4. The court granted the motion to dismiss with prejudice. See Dkt. No. 8. In 2008, Petitioner appealed, and in 2010, the Ninth Circuit reversed the court's dismissal and remanded

Case No. 5:06-CV-04861-EJD
ORDER RE: PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT

the case.  See Dkt. Nos. 13, 35.

On October 15, 2012, this court issued an order denying the Petition for Writ of Habeas Corpus and denying Certificate of Appealability.  See Dkt. No. 69.  This court found that upon reviewing the record, Petitioner did not exhaust claims regarding constitutional challenges to the admission of hearsay statements and the voice stress analyzer ("VSA") results at his trial.  See id. at 14, 17-18 (citing State's Answer ("Answer"), Dkt. No. 45-1 at 37, 46; Petitioner's Traverse ("Traverse"), Dkt. No. 66 at 6-8)).  Since these claims were not exhausted and were barred by state procedural rules, this court determined that these claims were procedurally defaulted.  See id. at 14, 18.

In November 2012, Petitioner filed the instant Motion to Alter or Amend Judgment under Rule 59(e).  See Dkt. Nos. 71, 72.  Respondent filed an opposition to the motion.  See Dkt. No. 74.  This court filed an order requesting additional briefing on procedural default, and both parties submitted briefs.  See Dkt. Nos. 76-78.  No hearing was held on this motion.

## II.  LEGAL STANDARD

A motion under Federal Rule of Civil Procedure 59(e) may be granted on the following grounds: "(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law."  Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011).  Rule 59(e) "offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).

## III.  DISCUSSION

Petitioner contends that this court's judgment was based on a manifest mistake of law because this court failed to reach the merits of the claims found to be procedurally defaulted.  Dkt. No. 72 at 1.  His main argument is that the reasoning of procedural default was incorrect because

2

Case No. 5:06-CV-04861-EJD
ORDER RE: PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT

the State presented a failure to exhaust argument, not a procedural default argument. Id. at 2. Thus, Petitioner argues that: (1) the procedural default argument was waived by the State; (2) this court cannot *sua sponte* enforce procedural default; and (3) procedural default was not appropriate in federal court. Dkt. No. 71 at 1; Dkt. No. 72 at 2. Each issue will be addressed in turn.

### A.  Distinguishing Failure to Exhaust from Procedural Default

As a threshold matter, this court finds it necessary to clarify the differences between the failure to exhaust doctrine and the procedural default rule, as articulated by the Ninth Circuit.

#### 1.  Failure to Exhaust

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that habeas petitioners exhaust their claims in state courts before raising them in federal court. 28 U.S.C. § 2254(b)(1)(A); Cooper v. Neven, 641 F.3d 322, 326 (9th Cir. 2011). To exhaust a claim, a petitioner must "fairly represent" his claim to the state's highest court by clearly stating the federal basis and nature of the claim. Id. at 326-27. After properly arguing his claim through "one complete round of the State's established appellate review process," his claim is deemed to be exhausted and can then be considered in federal habeas proceedings. Id. at 327 (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)).

#### 2.  Procedural Default

A federal court may not hear a habeas claim if it runs afoul of the procedural bar doctrine. Cooper, 641 F.3d at 327. A claim is procedurally defaulted when: (1) the state court denies the claim on state procedural grounds, or (2) the claim has not been exhausted but state procedural rules will now bar consideration of the claim. Id. State procedural rules must satisfy the independent and adequate state ground doctrine—be independent of the merits of the federal claim and be an adequate basis for the court's decision. Id.; Franklin v. Johnson, 290 F.3d 1223, 1230 (9th Cir. 2002).

If a claim has been procedurally defaulted, a federal court may nonetheless consider it if petitioner shows good cause for his failure to exhaust the claim and prejudice from the purported

3

Case No. 5:06-CV-04861-EJD
ORDER RE: PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT

constitutional violation, or shows that not hearing the claim would result in a "fundamental miscarriage of justice." Cooper, 641 F.3d at 327 (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)). To meet the "cause" prong, a petitioner can demonstrate an objective factor outside of his control, such as ineffective assistance of counsel or a basis for the claim that was previously unavailable. Id. To meet the "prejudice" prong, a petitioner can demonstrate that the errors worked to his actual and substantial disadvantage, infecting his entire proceeding with errors of constitutional dimension. Id. To show a "fundamental miscarriage of justice," a petitioner can establish that under the probative evidence he has a colorable claim of factual innocence. Id.

### 3. Summary

In sum, the failure to exhaust doctrine applies when the state court was never presented with an opportunity to consider a petitioner's claim and that opportunity may still be available to the petitioner under state law. 28 U.S.C. § 2254(c); Franklin, 290 F.3d at 1230. If this doctrine applies, then the district court can dismiss the petition without prejudice to give the prisoner an opportunity to return to state court and litigate his unexhausted claim. Franklin, 290 F.3d at 1231.

By contrast, the procedural default rule applies when a state court was presented with the federal claim, but either declined to reach the issue for procedural reasons or can no longer hear the claim because it is procedurally barred. Id. at 1230-31. If the petitioner's claim is procedurally barred and he cannot show cause and prejudice for the default, then the district court can dismiss his petition because he has no further recourse in state court. Id. at 1231.

### B. Waiver of Procedural Default Defense

Petitioner argues that the State waived the procedural default argument because it failed to raise it earlier. Dkt. No. 72 at 2. Instead, the State raised a failure to exhaust argument. Id. The State, however, argues that it was Petitioner himself who asserted that his claims were barred in state court. Dkt. No. 74 at 3. As such, the State did not waive its procedural default defense because Petitioner raised this issue for the first time in his Traverse, after which the State had no further opportunities to respond. Id.

4
Case No. 5:06-CV-04861-EJD
ORDER RE: PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT

1    The Ninth Circuit has held that procedural default is an affirmative defense that should be raised in the first responsive pleading, such as an answer to the petition. Morrison v. Mahoney, 399 F.3d 1042, 1046 (9th Cir. 2005). If the state fails to raise procedural default in federal court, then the argument is waived. Francis v. Rison, 894 F.2d 353, 355 (9th Cir. 1990). See Johnico v. Chrones, 187 Fed. Appx. 701, 702 (9th Cir. 2006) ("The government waived [the procedural default] argument when it failed to assert it before the district court."); Franklin v. Johnson, 290 F.3d 1223, 1229 (9th Cir. 2002) ("For petitions filed before AEDPA's effective date, the well-settled rule was that the state waived any procedural bar by failing to raise the issue in response to the habeas petition.") (collecting cases).

Here, the State filed its Answer to the habeas petition arguing that Petitioner's claims should be dismissed for failure to exhaust. See Dkt. No. 45-1 at 37, 45-46. But, it did not raise a procedural default argument. Accordingly, the State has waived this defense.

### C.    Court Enforcing Procedural Default Issue *Sua Sponte*

Petitioner argues that the court should not have enforced procedural default *sua sponte* when extraordinary circumstances to do so are absent. Dkt. No. 72 at 4. The State, however, argues that this court has discretion to *sua sponte* raise procedural default in order to further comity, federalism, and judicial efficiency. Dkt. No. 74 at 2.

Petitioner relies on a footnote by the Ninth Circuit stating: "Although we have discretion to consider procedural default *sua sponte*, we do so only in extraordinary circumstances." Dkt. No. 72 at 4; Ocampo v. Vail, 649 F.3d 1098, 1107 n.11 (9th Cir. 2011). However, in various instances, the Ninth Circuit has encouraged district courts to *sua sponte* raise and enforce procedural default in order to further interests of comity, federalism, and judicial efficiency. See Reed v. Helling, 172 Fed. Appx. 205, 206 (9th Cir. 2006) ("A habeas court may raise procedural default *sua sponte* if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.") (internal quotations and citations omitted); Vang

5

Case No. 5:06-CV-04861-EJD
ORDER RE: PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT

v. Nevada, 329 F.3d 1069, 1073 (9th Cir. 2003) (district court can raise procedural default when it is obvious from the face of the petition and it furthers comity, federalism, and judicial efficiency); Gould v. Hatcher, 125 Fed. Appx. 802, 808 (9th Cir. 2005) ("Although procedural default is normally a defense that the State is obligated to raise and preserve if it is not to lose the right to assert the defense thereafter, this court has held that it may raise procedural default *sua sponte* where to do so serves the interests of justice, comity, federalism, and judicial efficiency.") (internal quotations and citations omitted); Haynie v. Washington, 12 Fed. Appx. 527, 529 (9th Cir. 2001) (same). When a court does find procedural default, it must give the petitioner notice of the procedural default and an opportunity to respond to the argument for dismissal. Id. See Babb v. Bullock, 383 Fed. Appx. 625, 625 (9th Cir. 2010) (district court correctly raised procedural default *sua sponte* and followed the proper procedure of allowing petitioner to demonstrate cause and prejudice or fundamental miscarriage of justice to excuse his procedural default).

Here, this court determines that it was necessary to raise procedural default *sua sponte* in order to assess the propriety of Petitioner's claims in federal court. This furthers the interests of comity, federalism, and judicial efficiency as set forth by the Ninth Circuit.

**D.      Appropriateness of Procedural Default for Petitioner's Unexhausted Claims**

Having established that this court properly raised procedural default *sua sponte*, its appropriateness to this case will now be examined.

1.      Exhaustion of Petitioner's Claims

After a jury found Petitioner guilty, he was sentenced to a term of 52 years to life in state prison. Dkt. No. 69 at 6. Petitioner appealed to the California Court of Appeal where it evaluated the following claims. First, Petitioner argued that the magistrate who issued the arrest warrant and denied Petitioner's applications for bail was neither neutral nor detached. People v. Melgoza, H023236, 2003 WL 22708685, at *6 (Cal. Ct. App. Nov. 14, 2003). Second, Petitioner argued that the admission of inadmissible hearsay evidence at Petitioner's trial violated his Due Process and Confrontation Clause rights. Id. at *15. This hearsay evidence consisted of: (i) Mario

Rodriguez's statements; (ii) Juan Macedo's statements; and (iii) Alejandro Ramirez's and Juan Macedo's statements. Id.  Third, Petitioner argued that the admission of hearsay statements by third-party witness Oscar Macias, and the administration and results of the Voice Stress Analyzer test ("VSA") violated Petitioner's rights under the Due Process Clause. Id. at *20.  On November 14, 2003, the California Court of Appeal rejected these arguments and affirmed the conviction. Id. at *25; Dkt. No. 69 at 6.

Petitioner then appealed to the California Supreme Court.  In his petition for review, with the exception of his claim challenging the admission of Rodriguez's hearsay statements, he did not raise the claims challenging the admission of all the other hearsay statements. See Answer, Dkt. No. 45-1 at 37, 46; Traverse, Dkt. No. 66 at 6-8; Dkt. No. 56, Exh. I.  Also, Petitioner did not raise the claim challenging the admission of the VSA results.  See Dkt. No. 45-1 at 37, 46; Dkt. No. 66 at 6-8; Dkt. No. 56, Exh. I.  On February 24, 2004, the California Supreme Court denied the petition for review.  Dkt. No. 69 at 6; Dkt. No. 56, Exh. I.

Given that Petitioner failed to raise some claims in its petition for review before the California Supreme Court, these claims are not exhausted.  This is an undisputed issue since Petitioner does not argue otherwise.

### 2. Procedural Default on Unexhausted Claims

As stated above, a claim is procedurally defaulted when: (1) the state court denies the claim on state procedural grounds, or (2) the claim has not been exhausted but state procedural rules will now bar consideration of the claim. Cooper, 641 F.3d at 327.  State procedural rules must be independent and adequate. Id.  Having established that there are unexhausted claims, the issue is whether state procedural rules will now bar these claims.

In his Traverse, Petitioner himself provided two state procedural rules that will now bar his claims: In re Waltreus, 62 Cal. 2d 218, 225 (1965) and Ex Parte Dixon, 41 Cal. 2d 756, 759 (1953).  Under the Waltreus rule, a petitioner cannot raise a claim for habeas review that was previously heard and decided on direct appeal.  Fields v. Calderon, 125 F.3d 757, 762 (9th Cir.

7
Case No. 5:06-CV-04861-EJD
ORDER RE: PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT

1997). Under the Dixon rule, a petitioner cannot raise an issue in a post-appeal habeas petition when that issue was not, but could have been, raised on appeal. Id. Petitioner stated: "It is certain the state court would not hear petitioner's claims on the merits. While petitioner could return to state court to file a state habeas corpus petition, he would not be able to raise any claims which was previously raised and rejected on direct appeal, or which should have been raised on appeal." Dkt. No. 66 at 7. In the instant motion, Petitioner contends that he should be able to litigate the validity of these bars he cited. Dkt. No. 72 at 3-4. However, the Ninth Circuit does not consider either of these bars to be independent and adequate for procedural default. See Hill v. Roe, 321 F.3d 787, 789 (9th Cir. 2002) (a citation to Waltreus does not bar federal court review); La Crosse v. Kernan, 244 F.3d 702, 707 (9th Cir. 2001) (a reliance on Dixon does not rest on adequate and independent state ground barring federal habeas review).

Another state procedural rule to consider is California's untimeliness bar under In re Clark, 5 Cal. 4th 750 (1993) and In re Robbins, 18 Cal. 4th 770 (1998). The U.S. Supreme Court recently held that the California untimeliness rule is independent and adequate for procedural default. Walker v. Martin, —U.S.—, 131 S. Ct. 1120, 1124-26 (2011). Under this rule, habeas petitions filed after "substantial delay" are barred, though there are no standards for determining what period of time or factors constitute "substantial delay" in noncapital cases. King v. LaMarque, 464 F.3d 963, 966 (9th Cir. 2006); see Bennett v. Mueller, 322 F.3d 573, 579-80 (9th Cir. 2003) (a six-year default is a substantial delay). Here, the California Court of Appeal affirmed Petitioner's conviction in 2003. Petitioner failed to raise some of the claims to the California Supreme Court when he petitioned for review in 2003. Given that over ten years have passed, it would be untimely to now petition the California Supreme Court to review the unexhausted claims.

Furthermore, in the instant motion, Petitioner makes statements acknowledging that his unexhausted claims are procedurally barred in state court. He states: "Although petitioner's claims were defaulted in the sense that they would be barred by the state courts, such a default

does not, as assumed by this Court, automatically result in the claims being barred in federal court." Dkt. No. 72 at 2. He further states: "[Petitioner's] admission in the traverse that some claims were barred in state court was not an admission that the state court defaults would cause the claims to be barred in federal court." Id. at 3. Petitioner provides no authority to support the proposition that a claim's procedural default in state court is inapplicable in federal court, but instead relies on the State's waiver of the procedural default defense, which was addressed above. Thus, whether the state procedural bar is In re Waltreus and Ex Parte Dixon, as he cited in his Traverse, or California's untimeliness requirement, Petitioner does not dispute that his unexhausted claims are procedurally barred in state court.

In federal court, Petitioner's claims are procedurally defaulted because they have not been exhausted and the California untimeliness rule would now bar consideration of these claims.

### 3. Demonstrating Cause and Prejudice

The Ninth Circuit has stated that if a petitioner's claim is procedurally defaulted, then the petitioner can show cause and prejudice to prevent application of the default in federal court. Dickens v. Ryan, 740 F.3d 1302, 1317 (9th Cir. 2014). As stated above, the petitioner must demonstrate an objective factor outside of his control and demonstrate that the errors worked to his actual and substantial disadvantage, infecting his entire proceeding with errors of constitutional dimension. Cooper, 641 F.3d at 327. Accordingly, this court will allow Petitioner to show cause and prejudice arising from the procedural default explained herein.

## IV. CONCLUSION

For the foregoing reasons, the court will permit further litigation in this action in order to provide Petitioner with an opportunity to show cause and prejudice to overcome the procedural default explained herein. Petitioner may file an opening brief on this topic of no more than 10 pages on or before October 24, 2014. The State may file an opposition brief of no more than 10 pages on or before November 14, 2014. Petitioner may then file a reply brief of no more than 5

pages on or before November 26, 2014. A ruling on Petitioner's Motion to Alter or Amend the Judgment (Docket Item No. 71) will be held in abeyance during this additional briefing.

**IT IS SO ORDERED**.

Dated: September 26, 2014

EDWARD J. DAVILA
United States District Judge

10
Case No. 5:06-CV-04861-EJD
ORDER RE: PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT