UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADRIAN MELGOZA,<br><br>   Petitioner,<br><br> v.<br><br>RICHARD KIRKLAND, Warden,<br><br>   Respondent. | Case No. 5:06-cv-04861-EJD<br><br>**ORDER DENYING PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT**<br><br>Re: Dkt. No. 71 |

  Petitioner Adrian Melgoza ("Petitioner"), a California prisoner represented by counsel, filed this habeas action seeking federal review of a state conviction and sentence imposed by Santa Cruz County Superior Court. On October 15, 2012, this court denied the petition and declined to issue a certificate of appealability. See Dkt. No. 69. A judgment consistent with that order was filed the same day. See id.

  Presently before the court is Petitioner's Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e). See Dkt. No. 71. Having received additional briefing on the issue of procedural default and in light of the complete record presented, the court finds this matter suitable for decision without oral argument pursuant to Civil Local Rule 7–1(b).

  For the reasons explained below, Petitioner's motion is DENIED.

**I. BACKGROUND**

  The factual background of this case was extensively described in this court's previous order and is repeated here only to the extent relevant to the present issues. See Dkt. No. 69 at 1-6. In 2001, a jury found Petitioner guilty of one count of murder, one count of discharging a firearm at an occupied motor vehicle, one count of discharging a firearm from a motor vehicle, and four

1
Case No.: 5:06-cv-04861-EJD
ORDER DENYING PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT

counts of conspiracy. See id. at 6. The jury also found true special allegations that Petitioner personally used a firearm, that he inflicted great bodily injury, and that the crimes were gang related. See id. Petitioner was subsequently sentenced to a term of 52 years to life in state prison. See id.

Petitioner appealed his conviction to the California Court of Appeal, where he raised the following claims: (1) the magistrate judge who issued the arrest warrant and denied Petitioner's applications for bail was neither neutral nor detached; (2) the admission of hearsay evidence presented at trial, consisting of statements made by Mario Rodriguez, Juan Macedo, and Alejandro Ramirez, violated his constitutional rights; and (3) the admission of hearsay statements made by Oscar Macias, and the administration and results of the Voice Stress Analyzer test ("VSA") violated his right to due process. See People v. Melgoza, No. H023236, 2003 WL 22708685, at *6, 15, 20 (Cal. Ct. App. Nov. 14, 2003). On November 14, 2003, the California Court of Appeal rejected Petitioner's arguments and affirmed the conviction. See id. at *25.

Thereafter, Petitioner sought review in the California Supreme Court. But with the exception of his claim challenging the admission of Rodriguez's hearsay statements, Petitioner did not raise his other appellate claims before that court. Indeed, in his petition for review, Petitioner did not include the same challenges to the other hearsay statements or the VSA results he presented to the California Court of Appeal. See Dkt. No. 79 at 7. On February 24, 2004, the California Supreme Court denied the petition for review. See id.

In February 2005, Petitioner filed his first federal habeas petition in this court without counsel. See Melgoza v. Kirkland, No. 05-cv-0782-JW (N.D. Cal.), Dkt. No. 1. On May 3, 2006, the court dismissed the petition without prejudice for failing to pay the filing fee, and entered judgment. See id., Dkt. Nos. 4, 5.

In August 2006, Petitioner filed a second federal habeas petition, which is now the operative petition in this case. See Dkt. No. 1. On December 20, 2007, the court (at that time, Judge James Ware) dismissed the petition as untimely under the statute of limitations and entered judgment. See Dkt. Nos. 8, 9. On August 7, 2008, the court denied Petitioner's ensuing motion

for a certificate of appealability. See Dkt. No. 19. Petitioner appealed the judgment, and on November 5, 2008, the Ninth Circuit granted Petitioner's request for a certificate of appealability and granted a motion for appointment of counsel. See Dkt. No. 25. On March 26, 2010, the Ninth Circuit found the second habeas petition timely, reversed the district court's judgment, and remanded the matter to this court for consideration on the merits. See Dkt. No. 35.

Upon remand, the court appointed counsel to represent Petitioner and ordered Respondent (the "State") to file an answer to the petition. See Dkt. Nos. 39, 40. The State did so in September 2010, and Petitioner filed a traverse three months later. See Dkt. Nos. 45, 65. In September 2012, this case was reassigned to the undersigned judge. See Dkt. No. 68.

On October 15, 2012, the court issued an order denying the petition for writ of habeas corpus and denying a certificate of appealability. See Dkt. No. 69. Relevant here, the court found that Petitioner did not exhaust constitutional challenges to the admission of certain hearsay statements and to the VSA results because he failed to include those claims in his petition for review before the California Supreme Court. See id. at 14, 17-18. Since those claims were unexhausted and, by that time, barred by state procedural rules, the court determined they were procedurally defaulted. See id. at 14, 18. Consequently, Petitioner could not obtain federal habeas review of those claims. Judgment was entered against Petitioner that same day. See id. at 23.

In November 2012, Petitioner filed the instant Motion to Alter or Amend Judgment, which was fully briefed. See Dkt. Nos. 71, 72, 74, 76–78. On September 26, 2014, the court issued a preliminary order on that motion with four findings: (1) the State waived its procedural default defense because it failed to raise the argument in its answer brief; (2) the court, however, was permitted to raise and enforce the procedural default *sua sponte*; (3) certain claims brought by Petitioner were unexhausted because he failed to raise them in his petition for review before the California Supreme Court; and (4) the unexhausted claims are procedurally defaulted due to California's untimeliness rule. See Dkt. No. 79 at 5-7, 9. In light of the final finding, the court afforded Petitioner an opportunity to overcome the default by demonstrating cause and prejudice. See id. at 9. The parties fully briefed that issue, which this order now addresses. See Dkt. Nos.

3

Case No.: 5:06-cv-04861-EJD
ORDER DENYING PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT

88, 91, 92.

## II.   LEGAL STANDARD

A motion under Rule 59(e) may be granted on the following grounds: "(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011). Rule 59(e) "offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotations omitted).

## III.   DISCUSSION

Under Rule 59(e), Petitioner argues the court committed a manifest error of law when it denied the habeas petition on the ground that procedural default barred federal review. See Dkt. No. 72 at 1. This was so, Petitioner claimed, because the State did not affirmatively raise the issue of procedural default as a defense in its answer. After further briefing on that topic, however, the court has since found that the procedural default doctrine applies to Petitioner's unexhausted claims, regardless of whether the State invoked it. See Dkt. No. 79 at 9. Thus, the sole issue remaining is whether Petitioner has shown cause and prejudice sufficient to overcome the procedural default.

### A.   Reconsideration of the Procedural Default Finding

As an initial matter, Petitioner requests the court reconsider its prior finding that some of his claims are procedurally defaulted. He argues that enforcement of the doctrine is unfair given the unique circumstances of this case. Dkt. No. 88 at 2. In that regard, Petitioner urges the court to consider certain equitable factors, such as his limited English proficiency and low level of education. Id. at 3-4. He also seeks consideration of the delay caused by prior "erroneous" decisions to dismiss his habeas petitions, which he believes contributed to the untimeliness bar. Id. at 2-3. According to Petitioner, had the State been ordered to file an answer to his initial 2005

United States District Court
Northern District of California

1    petition, he would have been notified of the exhaustion issue earlier and could have returned to the

2    California Supreme Court to remedy the problem. Id. at 4.

3          These arguments are unpersuasive. As to the equitable factors cited by Petitioner, the court

4    disagrees that limited English proficiency or a low educational level, either separately or

5    combined, constitute valid grounds to avoid the enforcement of a procedural default in this case.

6    Indeed, it does not appear from this record that Petitioner was dissuaded by language or education

7    from successfully filing pleadings in English since he was undeniably able to initiate two habeas

8    proceedings without counsel. Nor does Petitioner state that his limitations precluded him from

9    exhausting his claims in state court, either before or after the habeas petitions were filed. What

10   Petitioner does admit, however, is that other inmates assisted him by translating and writing

11   documents on his behalf. See Suppl. Decl. of Adrian Melgoza, Exh. A, Dkt. No. 88-1 at 3. Thus,

12   in the same way that such impediments do not support the tolling of a habeas filing deadline,

13   Petitioner's personal circumstances do not preclude application of the procedural default doctrine.

14   See Yeh v. Martel, 751 F.3d 1075, 1078 (9th Cir. 2014) ("In his Petition, he admits that 'other

15   inmates assisted him' in many of his internal appeal filings. Since [petitioner] received assistance

16   in translation during the relevant time period, his lack of linguistic understanding could not have

17   made it 'impossible' for him to meet the deadline.").

18         Likewise, Petitioner's argument based on purported court delay is unconvincing. It is not

19   the State's burden to notify Petitioner of potential flaws in his case or ensure that Petitioner

20   properly exhausted all of his possible habeas claims. See Wolfe v. Smith, 471 Fed. Appx. 760,

21   762 (9th Cir. 2012) ("[T]he state cannot be faulted for failing to inform [petitioner] of the

22   existence of legal arguments that hypothetically could have helped him; the burden of due

23   diligence was on [petitioner]."). Petitioner had ample opportunity to resolve the exhaustion issue

24   in state court long before the State filed its answer, and he cites nothing that prevented him from

25   doing so. He cannot eschew the responsibility to advance his own claims by shifting that burden

26   to the State.

Thus, the court finds no reason to depart from the previous order applying the procedural default doctrine to Petitioner's claims.

### B. Demonstrating Cause and Prejudice

The court will now evaluate whether Petitioner has demonstrated cause and prejudice sufficient to overcome the procedural default. Ordinarily, "a state-court procedural default may be excused only if a habeas petitioner can demonstrate both 'cause' for the default and resulting 'prejudice.'" Nguyen v. Curry, 736 F.3d 1287, 1291 (9th Cir. 2013); see Coleman v. Thompson, 501 U.S. 722, 753 (1991). "Cause" can be shown by identifying "[a]n objective factor outside of a petitioner's control (e.g., ineffective assistance of counsel or a basis for the claim that was previously unavailable)." Cooper v. Neven, 641 F.3d 322, 327 (9th Cir. 2011). "The petitioner can meet the prejudice prong if he demonstrates 'that the errors . . . worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension.'" Id. (quoting White v. Lewis, 874 F.2d 599, 603 (9th Cir. 1989)).[1]

#### i. "Cause"

In an effort to demonstrate "cause," Petitioner essentially argues that his state appellate counsel was ineffective. To that end, he states that appellate counsel provided him with incomplete advice, causing him to incorrectly assume that exhaustion of claims before the California Supreme Court was unnecessary. Dkt. No. 88 at 7. Petitioner further argues, based on the same "erroneous" dismissals of his federal habeas petitions addressed above, that he was not notified of the failure to exhaust until he could no longer return to state court to resolve the problem. Id. at 8.

To the extent Petitioner's contention is based on ineffective assistance of counsel, it is established that "an individual does not have a constitutional right to counsel in post-conviction proceedings, so the prisoner must bear the risk of attorney error that results in a procedural

---

[1] A federal court can also consider the procedurally defaulted claim if petitioner "demonstrates that not hearing the claim would result in a 'fundamental miscarriage of justice.'" Cooper, 641 F.3d at 327. Here, however, Petitioner does not assert an argument pertaining to a fundamental miscarriage of justice. Therefore, this court will not address this issue.

default." Clabourne v. Ryan, 745 F.3d 362, 375 (9th Cir. 2014) (internal quotations omitted). Thus, a prisoner cannot show cause "by claiming that he received ineffective assistance of counsel during state post-conviction proceedings." Id. However, under Martinez v. Ryan, 132 S. Ct. 1309 (2012), there is a narrow exception "when a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding." Id. (quoting Martinez, 132 S. Ct. at 1315, 1318, 1320). In that instance, "a prisoner may establish 'cause' to excuse the procedural default of a claim that the prisoner had received ineffective assistance of counsel at trial or during sentencing proceedings by demonstrating that counsel in the initial-review collateral proceeding was ineffective or there was no counsel in such a proceeding." Id. Thus, "to establish 'cause,'" [the petitioner] must establish that his counsel in the state postconviction proceeding was ineffective under the standards of" Strickland v. Washington, 466 U.S. 668 (1984). Id. at 377. "Strickland, in turn, requires him to establish that both (a) post-conviction counsel's performance was deficient, and (b) there was a reasonable probability that, absent the deficient performance, the result of the post-conviction proceedings would have been different." Id.

Here, the Martinez exception does not apply because Petitioner does not allege in his habeas petition that he received ineffective assistance of counsel by either his trial or state appellate counsel. See Pizzuto v. Ramirez, 783 F.3d 1171, 1177 (9th Cir. 2015) (finding that certain claims could not be construed as ineffective assistance of counsel claims because the habeas petition does not allege any specific failures by trial or appellate counsel). The exception also does not apply because this is not an instance in which the State of California requires Petitioner to raise an ineffective-assistance-of-counsel claim in a collateral proceeding.

Even assuming arguendo that the Martinez exception applies to Petitioner, he fails to demonstrate that his state appellate counsel's performance was deficient under Strickland and that there was a reasonable probability that the result of his post-conviction proceedings would have been different. In a declaration provided by Petitioner's state appellate counsel, he states that, based on his knowledge of the facts at that time and a review of the appellate record, he "raised all issues in the petition for review that [he] believed were potentially viable from the standpoint of

obtaining a discretionary grant of review by the California Supreme Court and possible subsequent federal habeas corpus relief." Decl. of David D. Carico, Esq., Exh. C, Dkt. No. 88-1 at ¶ 4. This indicates that state appellate counsel's decision not to raise all claims before the California Supreme Court was strategic, rather than a sign of ineffectiveness. See Mitchell v. United States, 790 F.3d 881, 884 (9th Cir. 2015) (noting that counsel's strategic decisions do not support a claim of ineffective assistance).

Moreover, Petitioner himself is not certain whether his state appellate counsel actually misguided him. Petitioner states only that he does "not recall" whether or not state appellate counsel informed him of certain claims not included in the petition for review to California Supreme Court. See Decl. of Adrian Melgoza, Exh. B, Dkt. No. 88-1 at ¶¶ 8-9. Nor does Petitioner recall whether or not state appellate counsel informed him that something more needed to be filed in state court. Id. It was, however, his "understanding" that he could take the information from his appellate opening brief to write his habeas petition. Id. at ¶ 9. Collectively, Petitioner's equivocal statements of possible deficiency on the part of his state appellate counsel do not constitute ineffective assistance of counsel. Thus, this argument for "cause" fails.

As to the purported court delay, the court rejects that argument for the same reasons discussed above. Accordingly, Petitioner has not demonstrated sufficient "cause" to excuse the procedural default of his unexhausted claims.

### ii.    Prejudice

Petitioner's inability to demonstrate "cause" renders a discussion of prejudice unnecessary. See Bartholomew v. Haviland, 467 Fed. Appx. 729, 731 (9th Cir. 2012) (noting that "the cause and prejudice exception . . . requires the presence of both elements," thus it was unnecessary to address the "cause" issue because petitioner did not allege actual prejudice). Nevertheless, the court addresses prejudice in an effort to provide a complete analysis.

Petitioner argues that prejudice was established in two ways: (1) but for the "cause" discussed above, Petitioner would have been able to properly exhaust his claims, and (2) he was harmed by the underlying constitutional violations. Dkt. No. 88 at 9. Petitioner then refers the

8

Case No.: 5:06-cv-04861-EJD
ORDER DENYING PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT

court to his petition and traverse brief pertaining to the unexhausted claims. Id.

To the extent Petitioner continues to assert that ineffective assistance of counsel caused prejudice, Petitioner "must establish that his underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." Clabourne, 745 F.3d at 377. Here, however, Petitioner has not included an ineffective-assistance-of-counsel claim in his petition, nor has he demonstrated that his state appellate counsel was ineffective.

Furthermore, Petitioner has failed to show that he suffered prejudice from any other form in which the errors worked to his actual and substantial disadvantage, infecting his entire proceeding with errors of constitutional dimension. Prejudice cannot be shown by merely directing attention to the procedurally defaulted claims. Accordingly, Petitioner has not demonstrated sufficient prejudice to excuse the procedural default of his unexhausted claims.

### iii. Conclusion

The court finds that Petitioner has failed to demonstrate cause and prejudice sufficient to overcome the procedural default on his unexhausted claims. As such, the court will enforce the procedural default on his unexhausted claims and declines to review them on the merits.

With that result, the court concludes the original order denying habeas relief did not constitute a manifest error of law. Petitioner's motion to alter or amend the judgment filed on October 15, 2012, will therefore be denied and the judgment will remain undisturbed.

### C. Reconsideration of Denial of Certificate of Appealability

In closing, Petitioner requests the court reconsider its decision to decline a certificate of appealability. Pursuant to 28 U.S.C. § 2253(c)(2), a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

Petitioner believes a certificate of appealability is justified due to the complexity of the procedural default question, on which he contends reasonable jurists could disagree. Dkt. No. 88 at 9. While the issue is a complex one, the court does not find it subject to reasonable debate or adequate to proceed further. On that basis, this request is denied.

## IV.    CONCLUSION

For the foregoing reasons, Petitioner's Motion to Alter or Amend Judgment is DENIED.

**IT IS SO ORDERED.**

Dated: August 13, 2015



EDWARD J. DAVILA
United States District Judge

10
Case No.: 5:06-cv-04861-EJD
ORDER DENYING PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT